UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 1:09-cr-180 |
| v. | ) | |
| | ) | Judge Mattice |
| ANTHONY GEORGE | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Anthony George's Objection [Court Doc. 19] to the Report and Recommendation [Court Doc. 18].

Defendant filed his Motion to Suppress [Court Doc. 10] which was referred to Magistrate Judge Susan K. Lee. [Court Doc. 11]. Magistrate Judge Lee held an evidentiary hearing on Defendant's Motion to Suppress, and parties submitted post-hearing briefs [Court Docs. 16 & 17]. Magistrate Judge Lee then issued her Report and Recommendation on March 5, 2010, which recommended that Defendant's motion be denied [Court Doc. 18].

Defendant timely filed an objection to Magistrate Judge Lee's R&R [Court Doc. 19], and the Government has timely responded [Court Doc. 20].

The Court has now reviewed the entire record pertinent to the instant objection, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Lee's R&R and will **DENY** Defendant's Motion to Suppress.

I.    STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations 28 U.S.C. § 636(b)(1)(C).

## II. FACTS

Magistrate Judge Lee held an evidentiary hearing on Defendant's Motion to Suppress on February 23, 2010, during which Officer William Salyers ("Salyers"), an employee of the Chattanooga Police Department, testified. In her R&R, Magistrate Judge Lee recounted at some length the facts developed at the evidentiary hearing. (Court Doc. 18, R&R at 1-4). Defendant has not objected to the facts as outlined in Magistrate Judge Lee's R&R. Instead, the objections focus on the legal conclusions drawn from the facts. Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Lee's R&R. (*Id.*) The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## III. ANALYSIS

Because the crucial evidence at issue is a gun apparently dropped by Defendant during this encounter, the timing of Defendant's seizure is dispositive. Accordingly, Defendant objects to Magistrate Judge Lee's conclusion as to when the seizure occurred. (Def.'s Objs. at 3-4.) Defendant contends that the seizure occurred as soon as Salyers arrived and told Defendant and his companion to put their hands on the patrol car because, after that point, Defendant did not feel that he was free to leave. (*Id.*) Defendant was familiar with the area, lived nearby, and could have attempted to flee; instead, he submitted to Salyers' authority and stayed around the vehicle. (*Id.*)

The Government responds by asserting that Defendant's subjective impression about his freedom to leave is largely irrelevant, and the proper inquiry is whether Defendant acquiesced to police authority. (Court Doc. 20, Gov't Resp. at 2.) According

to the Government, because Defendant did not acquiesce to Salyers' authority until he had to be forced to do so, Defendant was not "seized" until then. (*Id.* at 2-3.)

Magistrate Judge Lee found that Defendant never submitted to Salyers' authority because he ignored Salyers' three commands to put his hands on the patrol car and instead walked around the car, ignored Salyers' command to get on the ground, started to run around the car, and then reversed directions when Salyer gave chase. (R&R at 5-6.) Magistrate Judge Lee concluded that Defendant was finally seized when Salyers had to subdue him with physical force. (*Id.* at 6.)

The Court agrees with Magistrate Judge Lee's finding and conclusion. Although Defendant asserts that he did not feel free to leave, at no point during this interaction did he willingly abide by Salyers' orders or submit to his authority. It was only after Salyers' physically dragged Defendant to the ground that Defendant was forced to acquiesce. The case law is clear that an individual must submit to the officer's show of authority before a seizure occurs. *See United States v. Jones*, 562 F.3d 768, 775 (6th Cir. 2009); *Brendlin v. California*, 551 U.S. 249, 254 (2007). Although part of the inquiry is whether a reasonable person would feel that they were free to leave, the other crucial part is that the individual must comply with the show of authority. *See California v. Hodari D.*, 499 U.S. 621, 627-29 (1991). Defendant may have had the subjective belief that he was not free to leave, but he did not submit to Salyers' authority willingly; therefore, it was initially, at most, an attempted seizure by Salyers, which became a seizure only when Defendant was finally physically detained.

The Court concludes that Defendant was not seized, for purposes of the Fourth Amendment, until after he had dropped and abandoned the gun; thus, the Government's

ability to introduce the gun into evidence falls outside the scope of the Fourth Amendment and the gun is admissible. "[T]he fourth amendment does not apply to anything one may abandon while fleeing the police in an attempt to avoid a seizure. *This rule applies . . . even when the show of authority is an unlawful one.*" United States v. Martin, 399 F.3d 750, 752 (6th Cir. 2005) (citation omitted) (emphasis added).

Because the Court has concluded that Defendant abandoned the gun before the seizure, the objection that Defendant asserts as to whether Salyers had reasonable suspicion for the stop and show of authority is irrelevant. Even if Salyers did not have reasonable suspicion and was not acting lawfully, the result on Defendant's instant Motion to Suppress would be the same.

IV.  **CONCLUSION**

For the reasons explained above, the Court **ACCEPTS and ADOPTS** Magistrate Judge Lee's Report and Recommendation [Court Doc. 18] in its entirety. Defendant's Objection [Court Doc. 19] is **OVERRULED**. Defendant's Motion to Suppress [Court Doc. 10] is hereby **DENIED**.

**SO ORDERED** this 19th day of April, 2010.

                                    */s/Harry S. Mattice, Jr.*
                                   HARRY S. MATTICE, JR.
                            UNITED STATES DISTRICT JUDGE